IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02672-RPM

ONEWEST BANK, FSB, a Delaware corporation,

    Plaintiff,

v.

BRUCE C. MCDONALD,

    Defendant.

## ORDER

    THIS MATTER comes before the Court in connection with my Order to Transfer filed on October 4, 2013, transferring the case to Judge Richard P. Matsch (ECF Nos. 6 and 7.)  The Order granted a motion to transfer the case to Judge Matsch filed by Plaintiff on October 1, 2013 (ECF No. 3.)  Despite the granting of the motion to transfer on October 4, 2013, Defendant filed a response to the motion to transfer on October 30, 2013, wherein he objected to the transfer.  (ECF No. 10.)  Plaintiff then filed a reply stating that Defendant's response should be considered a request for reconsideration of the transfer order.  As these documents implicate the Order of Transfer I signed, I will address them even though the case is currently assigned to Judge Matsch.

    While I believe that both the response and the reply to the motion to transfer are moot given my Order of Transfer of October 4, 2013, I deny the objection to the motion to transfer in Defendant's response to the extent the response could be deemed a motion for reconsideration.  Since the Order to Transfer was an interlocutory order, it is

subject to revision at any time before the entry of judgment. *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Nonetheless, "as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Nat. Bus. Brokers, Ltd. v. Jim Williamson Prod., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

I find that Defendant did not present facts or law of a strongly convincing nature to convince or induce me to reverse my Order of Transfer. Indeed, he failed to present any substantive argument why this matter should not have been transferred to Judge Matsch, other than mere conjecture. Defendant also does not demonstrate "manifest error of law or fact" or present newly discovered evidence. *Nat. Bus. Brokers*, 115 F. Supp. 2d at 1256.

Accordingly, it is

ORDERED that to the extent "Defendant Bruce C. McDonald's Response to Plaintiff's Motion to Transfer Case to the Honorable Richard P. Matsch" filed October 30, 2013 (ECF No. 10) could be deemed a motion for reconsideration of my Order of Transfer, it is **DENIED**.

Dated: January 31, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE