IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02672-RPM

ONEWEST BANK, FSB,
a Delaware Corporation,

     Plaintiff,

v.

BRUCE C. MCDONALD,

     Defendant

---

## ORDER OF DISMISSAL

     This action is one of a series of actions arising out of a foreclosure proceeding initiated by OneWest Bank, FSB ("OneWest") against Bruce C. McDonald ("McDonald") in September, 2009, in Saguache County, Colorado.  The complaint in this action describes the chronology of that foreclosure proceeding and two subsequent civil actions – the federal action captioned *Bruce C. McDonald v. One West Bank, F.S.B.,* Civil Action No. 10-cv-01749-RPM, in the United States District Court for the District of Colorado ("the federal action") and a state court quiet title action captioned *McDonald v. OneWest Bank, F.S.B. and Federal Home Loan Mortgage Corporation*, 2010CV 6, in the District Court for Saguache County, Colorado ("the state court quiet title action").  (Compl. ¶¶ 17- 62).

The complaint initiating this case alleges that on April 9, 2013, McDonald filed another state court civil action, captioned *McDonald v. OneWest Bank, FSB*, Case No. 2013CV5, in the District Court for Saguache County, Colorado, seeking damages against OneWest in the amount of approximately $6 million for its conduct in connection with the foreclosure proceeding ("the state court damages action").  (Compl. ¶¶ 5, 63-67).

In this declaratory judgment action OneWest seeks a determination that the order and judgment of dismissal dated December 27, 2010 in the federal action ("the Federal Judgment") supersedes and invalidates a default judgment entered against OneWest and the Federal Home Loan Mortgage Corporation on November 16, 2010, in the state court quiet title action ("the State Court Default Judgment").  OneWest contends that the Federal Court Judgment and the State Court Default Judgment are "inherently inconsistent" and further contends that under a conflicts doctrine known as the "last-in time rule," the more recent Federal Court Judgment takes precedence over the earlier State Court Default Judgment.  (Compl. ¶¶ 8-11, 71-81).  OneWest seeks an order from this Court declaring that legal conclusion.

In short, OneWest seeks this Court's opinion about which judgment should be given preclusive effect in McDonald's state court damages action.  (*See* Compl. ¶ 64, alleging that "McDonald appears to contend that the Federal Court Judgment does not bind him ...." and ¶ 68, alleging that "McDonald's theories and claims for relief [in the state court damages action] are inconsistent with the Federal Court Judgment.")

McDonald moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), arguing (1) that the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction; (2) the

two judgments are not inconsistent, and (3) that the State Court Judgment precludes consideration of OneWest's "last-in-time" argument.

In response, OneWest contends that the *Rooker-Feldman* doctrine is inapplicable, asserting that the complaint does not request a review of the State Court Default Judgment. According to OneWest, its complaint merely asks this Court to perform the function of applying the last-in-time rule to determine which of the two inconsistent judgments has priority.

Contrary to OneWest's argument, this court lacks jurisdiction to grant the relief it requests. "The *Rooker–Feldman* doctrine limits the power of lower federal courts to review decisions of state courts." *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1207 (10th Cir. 2006). The doctrine applies to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1142-43 (10th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). That is exactly the circumstance presented here. Judgment was entered by default against OneWest in the state court quiet title action, and that judgment was affirmed by the Colorado Court of Appeals. OneWest now invites this court to reject that default judgment. Despite OneWest's attempt to artfully characterize its complaint, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to provide the requested relief. Although the *Rooker-Feldman* doctrine "does not otherwise override or supplant preclusion doctrine," *Booker*, 441 F.3d at 1143, it would be impossible for this court to determine which, if either, of the two judgments should have

preclusive effect in a subsequent action without reviewing the State Court Default Judgment and the process by which it was obtained.

Even if the *Rooker-Feldman* doctrine were not an impediment, this court would decline to exercise jurisdiction over OneWest's declaratory judgment action. The United States Supreme Court has explained that the Declaratory Judgment Act, 28 U.S.C. § 2201, "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952); *see also Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1273 (10th Cir. 1989) ("[T]he existence of a 'case' in the constitutional sense does not confer upon a litigant an absolute right to a declaratory judgment."). "Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court." *Kunkel*, 866 F.2d at 1273 (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462, (1945)). Applicable considerations include:

> (1) whether the declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Kunkel*, 866 F.2d at 1275, n.4 (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir.1987)). The Tenth Circuit has recognized that "[a] federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel*, 866 F.2d at 1276.

The obvious motive for OneWest's filing of this declaratory action is to obtain an advantage in McDonald's pending state court damages action.  That "procedural fencing" weighs against the issuance of declaratory relief by this Court.  More importantly, a declaration by this Court determining the priority of the two judgments would improperly encroach upon the state court's jurisdiction and increase friction between the federal and state courts.  The state court will determine what, if any, effect this court's judgment will have in the action pending before it.

Based on the foregoing, it is

ORDERED that the defendant's motion to dismiss the complaint [#9] is granted.  The clerk shall enter judgment dismissing this civil action and awarding costs to the defendant.

Date:  February 14, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge